**William P. ZAHLER, et al., Petitioners-Appellants,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.**

**No. 81–1375.**

United States Court of Appeals, Sixth Circuit.

July 16, 1982.

Loyal E. Luikart, Jr., Cleveland, Ohio, for petitioners-appellants.

Jerome D. Sebastian, Acting Chief Counsel, I. R. S., Washington, D. C., John F. Murray, Michael L. Paup, Melvin Clark, Tax Div., Dept. of Justice, Washington, D. C., for respondent-appellee.

Before MERRITT and KRUPANSKY, Circuit Judges, and CECIL, Senior Circuit Judge.

## ORDER

This is an appeal from a decision of the United States Tax Court, *Zahler v. Commissioner*, T.C.M. 1981–112, wherein appellants William Zahler (Zahler) and his wife Rowena were adjudged to have been deficient in their Federal individual income taxes for the years 1972 and 1973 in the amounts of $11,627.99 and $1,124.53, respectively.

Zahler was a commission salesman for the brokerage firm of Ball, Burge & Kraus (BB&K), a partnership, until 1972 at which time he became a general partner and continued to receive commission income in conjunction with partnership distributions. In 1972 he received $137,186 as commission on sales, $50,391.24 as net profit distributions of the partnership, and $1,625.99 as interest from capital contributions to the partnership. In 1973 he received $77,037.25 as commission on sales and no income from net profit distribution. The tax returns for 1972 and 1973 treated all income as personal service income subject to the 50% maximum rate of 26 U.S.C. § 1348. The IRS, however, determined that all such income was derived from a trade or business in which capital was a material income-producing factor and permitted only 30% of such income to be subjected to the favorable tax treatment of § 1348. Upon a proceeding for a redetermination of deficiencies in the United States Tax Court, Zahler conceded that only 30% of the income received as net profit distributions of the partnership is subject to the 50% maximum tax treatment of § 1348 but challenged the IRS' exclusionary classification of commission income. The United States Tax Court upheld the IRS' finding of a tax deficiency and this appeal ensued.

Section 1348 provides a favorable tax treatment to individuals whose income consists of "personal service income". This statutory provision limits the tax on this income to a maximum rate of 50% and pertinently provides:

§ 1348 50-percent maximum rate on personal income

(a) General rule—If for any taxable year an individual has personal service taxable income which exceeds the amount of taxable income specified in paragraph (1), the tax imposed by section 1 for such year shall, unless the taxpayer chooses the benefits of part I (relating to income averaging), be the sum of—

(1) the tax imposed by section 1 on the highest amount of taxable income on which the rate of tax does not exceed 50 percent,

(2) 50 percent of the amount by which his personal service taxable income exceeds the amount of taxable income specified in paragraph (1) of this subsection and

(3) the excess of the tax computed under section 1 without regard to this section over the tax so computed with reference solely to his personal service taxable income.

(b) Definitions.—For purposes of this section—

(1) Personal service income.—

(A) In *general.—The term "personal service income" means* any income which is *earned income within the meaning of* section 401(c)(2)(C) or *section 911(b)* or which is an amount received as a pension or annuity which arises from an employer-employee relationship or from tax-deductible contributions to a retirement plan. For purposes of this subparagraph, section 911(b) shall be applied without regard to the phrase "not in excess of 30 percent of his share of net profits of such trade or business,". (emphasis added)

However, a taxpayer may obtain the benefits of § 1348 only if the income is "personal service income". Section 1348(b) defines "personal service income" as "earned income" within the meaning of, *inter alia,* § 911(b), which states:

(b) Definition of earned income.—For purposes of this section, the term "earned income" means wages, salaries, or professional fees, and other amounts received as compensation for personal services actually rendered, . . . In the case of a taxpayer engaged in a trade or business in which both personal services and capital are material income-producing factors, under regulations prescribed by the Secretary or his delegate, a reasonable allowance as compensation for the personal services rendered by the taxpayer, not in excess of 30 percent of his share of the net profits of such trade or business, shall be considered as earned income.

Accordingly, the benefits of § 1348 are not fully applicable to an individual who, though rendering personal services, is "engaged in a trade or business in which both personal services and capital are material income-producing factors." It has been stipulated that BB&G utilizes capital as a material income-producing factor.

█ Section 911(b) specifically refers to earned income in terms of "net profits", stating that "[i]n the case of a taxpayer engaged in a trade or business in which both personal services and capital are material income producing factors . . . a reasonable allowance, . . . not in excess of 30

percent of his share of the *net profits* of such trade or business, shall be considered as earned income." It has been observed that

In section 911 itself, the earned income of a taxpayer engaged in a trade or business in which both personal services and capital are material income-producing factors is tied to net profits, not to gross income.

*Vogt v. United States,* 537 F.2d 405, 410 (Ct.Cl.1976). Thus, in a trade or business (herein a partnership) which utilizes capital as a material income-producing factor, income received by an individual engaged in this trade or business is subject to the 30% limitation of § 911(b), as incorporated in § 1348, if and only if such income represents "net profits" of the trade or business.

Treasury Regulation 1.1348–3(a)(3) supports this conclusion and supplies the following definition of "net profits":

(3) *Earned income from business in which capital is material.*

(i) If an individual is engaged in a trade or business (other than in corporate form) in which both personal services and capital are material income producing factors, a reasonable allowance as compensation for the personal services actually rendered by the individual shall be considered earned income, but the total amount which shall be treated as the earned income of the individual from such a trade or business shall in no case exceed 30 percent of his share of the net profits of such trade or business (which share shall include any guaranteed payment (as defined by § 1.707–1(c)) received from a partnership). For purposes of the preceding sentence, the term "net profits of the trade or business" means the excess of gross income from such trade or business (including income from all sources, whether or not subject to Federal income tax, and without taking into account any deductions which may be allowable under Section 1202) over the deductions attributable to such trade or business.

Although BB&G utilized capital as a material income-producing factor, Zahler's income derived from commission sales will be subject to the 30% limitation of § 911(b) only if the income represents "net profits" of the partnership, which it does not. 26 U.S.C. § 703(a) provides that the taxable income of a partnership is to be computed in the same manner as an individual's and § 162(a) permits deductions for salaries or personal services actually rendered. The commission income was deducted as an expense from the partnership's gross income. Therefore, the commission income was not included in the partnership's net profits and, accordingly, is not subject by the recipient to the 30% limitation of § 911(b). Rather, all commission income received by Zahler is subject to the preferential treatment and 50% maximum rate established in § 1348. This conclusion is inherently consistent with Treasury Regulation 1.1348(a)(1)(A) which expressly includes within the definition of "earned income" as used in § 1348 "[w]ages, salaries, professional fees, bonuses, amounts includable in gross income under Section 83, *commissions on sales* or on insurance premiums, tips, and other amounts received . . ."

All of Zahler's commission income is subject to the 50% maximum tax of § 1348. Accordingly, the decision of the United States Tax Court is hereby REVERSED and this case is REMANDED for further proceedings not inconsistent with this opinion to determine the amount of taxpayers' recovery.